JOSEPH A. CUMMINGS *vs.* MASTER, WARDENS AND MEMBERS OF THE GRAND LODGE OF MASONS IN MASSACHUSETTS.

SAME *vs.* SMITH AND ANTHONY COMPANY.

Suffolk.     March 12, 1907. — May 14, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Negligence.*

In actions by the engineer of a building for being scalded and made blind by the explosion of a shelf of a steam oven, respectively against his employer and against a corporation which furnished and set up the oven in the building, if it appears that the apparatus was intended simply for heating dishes and warming food and was not intended to carry high pressure, and that the accident might have been caused by the plaintiff's intentional or thoughtless manipulation of a valve which let into the oven a dangerous pressure of steam, and there is no evidence tending to show any defect in the apparatus or in the plan of its construction, and no intelligible explanation of the accident is offered which is consistent with due care on the part of the plaintiff, verdicts should be ordered for both defendants.

TWO ACTIONS OF TORT by an engineer, who when injured was in the employ of the defendant in the first case, a corporation, for personal injuries sustained on April 27, 1900, from being scalded and made totally blind by the explosion of a shelf of a steam oven in the Masonic Temple in Boston, then owned by the defendant in the first case, the oven having been furnished and set up by the defendant in the second case, also a corporation, the declaration in the first case being at common

---

* The case was taken to the Supreme Court of the United States by writ of error.

law, alleging a failure of the defendant to furnish the plaintiff with safe and suitable appliances and negligence of the defendant in failing to inspect the oven and discover the defect, and the declaration in the second case alleging that the defendant in that action constructed and set up the oven in such a negligent and improper manner that it was defective and dangerous. Writs dated April 22, 1902.

In the Superior Court the cases were tried together before *Bell*, J. The character of the evidence is described in the opinion. At the close of the evidence the judge ruled that the plaintiff could not maintain either action, and ordered verdicts for the defendants. The plaintiff alleged exceptions in both cases.

*H. I. Cummings*, for the plaintiff.

*W. I. Badger*, (*W. H. Hitchcock* with him,) for the defendants.

KNOWLTON, C. J.   These two actions were brought against different defendants to recover for the same injury received by the plaintiff. The Smith and Anthony Company manufactured and set up for the other defendant the mechanism in which the explosion occurred. There was no evidence of negligence in the performance of this duty. The uncontradicted testimony of several witnesses tended to show that the oven was properly tested. It is stated in the bill of exceptions that " an examination of the shelf, after the accident, showed no evidence of any previous crack or fault in the casting." It was a " clean break " in " good clean iron." The testimony as to the space left for expansion of the ovens was not such as would warrant a finding of negligence in that particular, in view of the thickness of the iron, and the small pressure of steam with which they were expected to be used. The jury could not properly have found that the accident was caused by the fault of the defendant in putting in the ovens. Nor was there any evidence of faulty construction or defective work in the connections for the supply of steam from the boilers. If the engineer attended to his duties there was no possibility of injury from this arrangement.

The plaintiff was a licensed engineer, and he testified " that one of the fundamental things that an engineer has to guard against is an explosion." He said he " saw the ovens when they were put in, and the shelves, and the way they were put to-

gether, and could form a good estimate of what pressure it would stand." " He knew that the apparatus was intended simply for heating dishes and warming food, . . . and was not intended to carry high pressure." He said he knew there was no need whatever of carrying high pressure there, that he had run a heater before that heated on the same general principle, and that it needed only a few pounds of steam. He also knew from his experience that, as a rule, men do not build apparatus which needs to carry only twenty or twenty-five pounds of steam in the same way that they would if it was intended to carry ninety or one hundred pounds. There was no evidence tending to show any defect in the apparatus, or in the plan of its construction. The plaintiff could not invoke the doctrine of *res ipsa loquitur*, for, upon all the evidence, there was much more probability that the accident happened from the plaintiff's negligence than from any negligence of either of the defendants. While it cannot be said that there was no evidence of due care on the part of the plaintiff, the great weight of the evidence, taken in connection with his own admissions, tends to show that the accident was caused by his intentional or thoughtless manipulation of the valve, which opened the by-pass and let into the ovens a pressure of steam which he ought to have known to be dangerous. In the view of the case most favorable to the plaintiff, there was nothing more than conjecture to support his contention against this defendant.

Most of that which we have said is equally applicable to the claim against the other defendant. The plaintiff was an engineer who was entrusted with the care of the ovens and the connections for supplying them with steam. He saw the mechanism put in, and was familiar with its features. The plan of its construction was simple, and he knew all about it. According to his testimony it was working perfectly just before the accident, and had so worked at all times previously. No intelligible explanation of the accident has been offered that is consistent with due care on the part of the plaintiff. There is no ground for anything more than conjecture against either of the defendants.

In both cases the entry must be

*Exceptions overruled.*